UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMILL WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:11CV398 CDP |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

*Pro se* petitioner Camill Williams is incarcerated at the South Central Correctional Center in Licking, Missouri. On May 2, 2007, a state jury convicted Williams of forcible rape, kidnapping, and two counts of forcible sodomy. He was sentenced to three life sentences plus fifteen years, to run consecutively. The Missouri Court of Appeals affirmed his conviction and sentence. *State v. Williams*, 269 S.W.3d 448 (Mo. Ct. App. 2008) (per curiam). Williams sought post-conviction relief under Missouri Supreme Court Rule 29.15, but his motion was denied without a hearing. That denial was also affirmed. *Williams v. State*, 330 S.W.3d 496 (Mo. Ct. App. 2010) (per curiam).

This matter is now before me on Williams' petition for a writ of habeas corpus under 28 U.S.C. § 2254. Williams raises two grounds for relief. First, he alleges that Missouri's Uniform Mandatory Disposition of Detainers Law

(UMDDL) divested the trial court of jurisdiction sometime in January 2007, and the trial court therefore erred in denying his pretrial motion to dismiss the case against him. Second, Williams alleges that his trial counsel was ineffective because she waived Williams' presence at the hearing on his UMDDL claim. Williams' first ground is not cognizable as a federal habeas claim, and his second ground is without merit. I will therefore deny his petition for the writ.

**I.**     *Background*

Williams' convictions stem from his sexual assault of a woman who was jogging in Forest Park on June 3, 2003. After the assault, the woman went to a hospital, and a rape kit was done. Through testing of the rape kit, male DNA was retrieved and added to a state DNA database. At the time, the male DNA was tested against approximately 25 suspects, but there was no match.

Williams' DNA was later added to the DNA database, after he had been convicted of unrelated charges. In 2006, the database matched Williams' DNA to the unknown male DNA produced by the rape kit.

After Williams' DNA was matched, the victim of the assault was shown a photo array that included Williams' photo. She identified him as the attacker. The victim had been shown several photo arrays between 2003 and 2006 but had not previously identified an assailant. A witness who saw Williams with the victim after the rape also identified Williams' photo from the photo array.

Police detectives interviewed Williams on May 26, 2006, after the victim had identified him. After he was given *Miranda* warnings, Williams admitted he had sex with the victim but stated that it was consensual. A police detective then told Williams he should "man up and admit" what he had done. Williams then gave a second statement in which he admitted he knew the victim was scared.

On June 7, 2006, following his interview, Williams was charged by complaint with forcible rape, kidnapping, and two counts of forcible sodomy. A warrant was issued for his arrest. On July 11, 2006, before the warrant had been served, Williams was indicted on the same charges.

Williams was not arraigned in this case until January 22, 2007, six months after the indictment had issued. At the time, Williams was serving a sentence in the Missouri Department of Corrections for an unrelated conviction.

Two weeks after his arraignment, Williams filed a *pro se* motion to dismiss the charges, which the court denied. On February 26, 2007, Williams' appointed counsel renewed the motion, which was premised on the UMDDL. The UMDDL provides that a person confined to the MDOC who has a detainer pending against him may file a written request to dispose of that detainer. Mo. Rev. Stat. § 217.450(1). If that request complies with certain procedural requirements, the untried charges listed in the detainer must be brought to trial within 180 days (or

longer for good cause) or the court loses jurisdiction over those charges.[1] *Id.*; *see also State v. Williams*, 120 S.W.3d 294, 299 (Mo. Ct. App. 2003).

In his pretrial motion to dismiss this case, Williams claimed the pending charges against him had created a *de facto* detainer. He claimed he had filed a request for disposition of this *de facto* detainer more than 180 days earlier and he had not yet been brought to trial. He argued that, in such a case, the UMDDL deprived the trial court of jurisdiction and required the trial court to dismiss the pending charges.

The trial court held an evidentiary hearing on the motion and found no detainer had been lodged against Williams, so his request for disposition of detainers was without legal effect. Resp. Ex. B, Findings of Fact and Conclusions of Law (Mo. Cir. Ct. Apr. 30, 2007), *State v. Williams*, pp. 71–75. It heard testimony from MDOC's custodian of records, Yolanda Hutcheson. She testified that while Williams was serving time for an unrelated offense, MDOC received notice of a "hit" in the Missouri Uniform Law Enforcement System (MULES). The hit showed Williams was facing the charges at issue here, brought by the St. Louis Metropolitan Police Department. Hutcheson testified that MDOC told SLMPD it had received a MULES hit, but SLMPD did not respond. When

---

[1] Missouri's UMDDL was amended in 2009 and now provides that state officials' failure to comply with the UMDDL "shall not be the basis for dismissing the indictment, information, or complaint unless the court also finds that the offender has been denied his or her constitutional right to a speedy trial." Mo. Rev. Stat. § 217.450(3).

Hutcheson followed up with a phone call, the police informed her they did not want to place a detainer.

The court held that the MULES hit did not constitute a detainer because only a prosecutor or police department could lodge a detainer, and neither had done so. The court then considered Williams' own correspondence to MDOC and held that it could not constitute a detainer under the UMDDL. The court further found that even if there had been a detainer, Williams had failed to comply with the proper procedures for requesting disposition of detainers and could not invoke the protection of the UMDDL. It therefore denied Williams' motion to dismiss.

After Williams was convicted and sentenced, he filed a direct appeal from the judgment entered upon the jury verdict. He raised the same argument he has advanced as ground one in this habeas petition: that the trial court erred when it overruled his pretrial motion to dismiss. He claimed that the state's violation of the UMDDL had divested the trial court of jurisdiction.

Like the state trial court, the Missouri Court of Appeals held that no detainer had been lodged against Williams, so he was not entitled to any relief under the UMDDL. Resp. Ex. F, Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), *State v. Williams*, No. ED90046 (Mo. Ct. App. Sept. 16, 2008), at *2. The appellate court acknowledged that "detainer" was not defined within the UMDDL, and so it relied upon definitions promulgated by the United States

Supreme Court. It held that that an application of these definitions to the Missouri law "clearly demonstrate[d] that no detainer was filed against" Williams. Ex. F, *State v. Williams*, at *4. Ultimately, the appellate court held that none of the actions by state officials individually or collectively constituted a *de facto* detainer under the UMDDL. Ex. F., *State v. Williams*, at *4–*5. As a result, the court upheld Williams' convictions and sentence, and the Missouri Supreme Court denied transfer.

Thereafter, Williams moved for post-conviction relief under Missouri Supreme Court Rule 29.15, arguing that his trial counsel was ineffective because (1) she failed to object to a comment made by the prosecutor in closing argument and (2) she had waived Williams' presence at the pretrial hearing on his UMDDL claim. The motion court denied his motion without an evidentiary hearing, and the appellate court affirmed. *Williams v. State*, 330 S.W.3d 496 (Mo. Ct. App. 2010) (per curiam); Resp. Ex. J, Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), *Williams v. State*, No. ED93177 (Mo. Ct. App. Mar. 9, 2010). Williams did not apply for transfer to the Supreme Court because representation by his appointed counsel had ended.

## II. *Discussion*

Williams has raised two related grounds for relief in this petition for writ of habeas corpus. First, he contends that the trial court erred when it denied his

motion to dismiss based on the UMDDL, which violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution. Second, he claims that his trial counsel was ineffective because she waived his right to be present at the pretrial hearing on the UMDDL claim. He argues that her waiver amounted to a denial of his rights to effective assistance of counsel, to due process, to be present, to be tried only on the charged offenses, and to a fair trial all in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as Article I, §§ 10, 17, and 18(a) of the Missouri Constitution.

**A.**     *First Ground for Relief: UMDDL*

As his first ground for relief, Williams contends that Missouri state officials' violation of the UMDDL entitles him to federal habeas relief.

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. *Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). A claim that custody of a state prisoner violates a *state* law may be addressed only by state courts. *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994). The Eighth Circuit has characterized Missouri's UMDDL as a "state speedy trial law," *id.*, and a claim that it has been violated may only be addressed by Missouri courts. Without more, a claim that Missouri officials violated the UMDDL "is not cognizable in habeas

and does not justify relief under § 2254." *Id. See also Wingo v. Mueller*, No. 4:09-CV-88 CAS, 2009 WL 198264 (E.D. Mo. Jan. 26, 2009) (summarily dismissing pretrial habeas petition brought on UMDDL grounds).

Williams' statement that his Fifth, Sixth, and Fourteenth Amendment rights were violated is a corollary of his argument about the UMDDL and relies upon no separate factual allegations. The Eighth Circuit has rejected a nearly identical statement as a state-law claim in disguise. *Poe*, 39 F.3d at 207. As such, it is not cognizable on habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Chambers v. Bowersox*, 157 F.3d 560, 564 (8th Cir. 1998); *Crenshaw v. Larkins*, No. 4:09CV336 JCH, 2012 WL 886823 (E.D. Mo. Mar. 15, 2012) (denying as non-cognizable claim that violation of UMDDL infringed petitioner's speedy trial and due process rights). Because Williams' first ground for relief does not present any federal claim reviewable on habeas petition, it is denied.

**B.** *<u>Second Ground for Relief: Ineffective Assistance of Counsel</u>*

As his second ground for relief, Williams claims his trial counsel was ineffective because she waived his right to be present at the hearing where the trial court considered his UMDDL claim.

In *Strickland v. Washington*, the Supreme Court laid down a two-part test for determining claims of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). A habeas petitioner must show that (1) the counsel's performance was deficient

and (2) the deficient performance prejudiced the defense. *Gregg v. United States*, 683 F.3d 941, 943 (8th Cir. 2012) (citing *Strickland*, 466 U.S. at 687). To satisfy the second prong, the petitioner must "affirmatively prove prejudice," demonstrating a "reasonable probability" that the result of the proceeding would have been different if counsel had not committed an error. *Id.* (quoting *Strickland*, 466 U.S. at 693–94). A reasonable probability is one "sufficient to undermine confidence in the outcome" and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (internal quotations omitted).

In support of his argument that his counsel provided ineffective assistance, Williams states that his presence at the UMDDL hearing "would have contributed not only to the fairness of the hearing, but also to the resolution of disputed issues of fact." Williams contends that, had he been present at the hearing, he would have testified about two documents that he believes show a detainer was lodged against him. Williams argues that these documents demonstrate that the Missouri DOC had learned about the new charges he was facing and, as a result, his prisoner classification level was changed. He essentially argues that this proposed testimony had a reasonable probability of changing the result of the proceeding. Therefore, Williams claims, the waiver of his presence violated his rights to due process, effective assistance of counsel, and access to the courts as guaranteed by

– 9 –

the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as Articles 1, 10, 17, and 18(a) of the Missouri Constitution.

Respondent Bowersox concedes that Williams exhausted his remedies in state court as to this ground for relief. Under 28 U.S.C. § 2254(d), when a claim has been adjudicated on the merits in state court, a federal court will not grant habeas relief unless the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (quoting § 2254(d)(1)–(2)). Under § 2254, federal habeas review of *Strickland* claims is "doubly deferential" to a state court determination that counsel's performance satisfied the requirements of the Sixth Amendment. *Cullen*, 131 S. Ct. at 1403 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

The Missouri Court of Appeals adjudicated Williams' ineffective-assistance-of-counsel claim on the merits when it considered his Rule 29.15 motion for post-conviction relief. It laid out the two-part *Strickland* standard and examined the evidence offered at the UMDDL hearing. That evidence included a letter from Williams to MDOC in which he questioned why he had been transferred to a higher custody level, stating that there had been no detainers lodged against him. The Court of Appeals then considered the testimony and the two documents

Williams said he would have presented at the hearing, had his counsel not waived his right to appear.  According to Williams, the documents would have shown MDOC learned about the charges at issue within one week of the filing of the June 2006 complaint.  Williams also asserted he would have testified – contrary to his letter to MDOC – that he was transferred to a higher custody level in response to a detainer.  The appellate court found that this evidence did not show MDOC had learned about the charges through a detainer, and that it did not tend to show a detainer had been placed against Williams at all.  Therefore, the court held, the proffered evidence would have had no impact on the resolution of the motion to dismiss.  Accordingly, the court found that Williams could not demonstrate that his absence had prejudiced him, as required by the *Strickland* test.  *See* Resp. Ex. J, *Williams v. State*, at *7.

This ruling by the Missouri Court of Appeals depended upon, in part, an interpretation of state law – namely, what constitutes a detainer under the UMDDL.  "Determinations of state law made by a state court are binding on a federal court in habeas proceedings." *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005).  This court cannot "second-guess the decision of a Missouri state court on Missouri law." *Arnold*, 675 F.3d at 1086.  Under this standard, counsel cannot be deemed ineffective for waiving Williams' presence when the evidence he would have presented would have failed as a matter of state law.  Because the evidence

was of no import to the trial court's decision to overrule Williams' motion to dismiss, he cannot demonstrate that he was prejudiced by his absence.

Under 28 U.S.C. § 2254(d)(2), a state court decision involves an "unreasonable determination of the facts in light of the evidence presented in state court" only if a petitioner shows that the state court's factual findings "do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004). The state court's factual findings are "presumptively correct," and a petitioner can only rebut this presumption with clear and convincing evidence. *Id.*; 28 U.S.C. § 2254(e)(1). The only evidence Williams provides now in support of his ineffective-assistance-of-counsel claim are the documents he intended to testify about, which the state court already examined and found did not show a detainer under state law. Insofar as the appellate court made factual determinations about the contents of these documents, I must presume they are correct. Williams has not shown that the appellate court's decision involved an unreasonable application of federal law or that it was an unreasonable determination of the facts.

In light of the foregoing, and this court's "doubly deferential" review of the state court determination, I must deny Williams' second ground.

## V. *Certificate of Appealability*

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or

judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on either of Williams' claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that Camill Williams' Petition for Writ of Habeas Corpus [#1] under 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2013.

– 13 –